USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/8/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

JOSEPH ROESCH,                          :

                    Plaintiff,          :
                                                15 Civ. 247 (PAE)(HBP)
     -against-                          :
                                                OPINION
MS. ANN MARIe SULLIVAN,                 :        AND ORDER
Director, Office of Mental
Health of New York State, et al.,       :

                    Defendants.          :

----------------------------------X

          PITMAN, United States Magistrate Judge:


          By notice of motion dated February 23, 2015 (Docket

Item 32), plaintiff seeks the appointment of pro bono counsel.

For the reasons set forth below, the motion is denied without

prejudice to renewal.

          Plaintiff is a convicted sex offender.  Although he has

competed serving his sentence, he remains confined at the Central

New York Psychiatric Center pursuant to Article 10 of the New

York Mental Hygiene Law.[1]  Plaintiff brings this action pursuant

---

[1]New York's Sex Offender Management and Treatment Act
("SOMTA") is codified in Article 10 of the Mental Hygiene Law.
Enacted in 2007, "SOMTA creates a new legal regime authorizing
'civil management' of certain sex offenders after completion of
their prison terms, parole terms, or other period of state
custody.  Such civil management is predicated on the danger to
society that recidivist sex offenders pose."  Mental Hygiene
                                              (continued...)

to 42 U.S.C. § 1983 and is seeking injunctive relief and damages

for defendants' alleged failure to provide him with adequate

legal research resources and/or attorneys, thereby effectively

depriving plaintiff of his constitutional right to access the

courts.  Simultaneously with this opinion and order, I am issuing

a report and recommendation, recommending that plaintiff's

amended complaint be dismissed for lack of subject matter juris-

diction, insufficient service of process and failure to state a

claim on which relief can be granted.

The factors to be considered in ruling on a motion for

pro bono counsel are well settled and include "the merits of

plaintiff's case, the plaintiff's ability to pay for private

counsel, [plaintiff's] efforts to obtain a lawyer, the availabil-

ity of counsel, and the plaintiff's ability to gather the facts

and deal with the issues if unassisted by counsel."  Cooper v. A.

Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Of these, "[t]he

factor which command[s] the most attention [is] the merits."

Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203

---

[1](...continued)
Legal Serv. v. Cuomo, 785 F. Supp. 2d 205, 210 (S.D.N.Y. 2011)
(Batts, D.J.), vacated on other grounds sub nom., Mental Hygiene
Legal Servs. v. Schneiderman, 472 F. App'x 45 (2d Cir. 2012).

For a detailed explanation of the operation of Article 10,
see Roache v. Fischer, 9:12-CV-1034 (LEK/DEP), 2015 WL 1442963
at *5-*6 (N.D.N.Y. Mar. 26, 2015).

(S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366

F.3d 85, 88 (2d Cir. 2003).  As noted fifteen years ago by the

Court of Appeals:

> Courts do not perform a useful service if they appoint
> a volunteer lawyer to a case which a private lawyer
> would not take if it were brought to his or her atten-
> tion.  Nor do courts perform a socially justified
> function when they request the services of a volunteer
> lawyer for a meritless case that no lawyer would take
> were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also

Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In

deciding whether to appoint counsel . . . the district judge

should first determine whether the indigent's position seems

likely to be of substance.'").

> The Court of Appeals for the Second Circuit has
>
> stated in various ways the applicable standard for
> assessing the merits of a pro se litigant's claim.  In
> Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)],
> [the court] noted that "[e]ven where the claim is not
> frivolous, counsel is often unwarranted where the
> indigent's chances of success are extremely slim," and
> advised that a district judge should determine whether
> the pro se litigant's "position seems likely to be of
> substance," or showed "some chance of success."  Hodge,
> 802 F.2d at 60-61 (internal quotation marks and cita-
> tion omitted).  In Cooper v. A. Sargenti Co., [the
> court] reiterated the importance of requiring indigent
> litigants seeking appointed counsel "to first pass the
> test of likely merit."  877 F.2d 170, 173 (2d Cir.
> 1989) (per curiam).

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204

(2d Cir. 2003).

3

It appears that plaintiff lacks the financial resources to retain counsel privately.  Plaintiff attests in his application to proceed in forma pauperis that he has "maybe" $35.00 in his institutional account.   He does not, however, satisfy the other criteria for the appointment of pro bono counsel.  Plaintiff does not provide any information concerning his efforts to find pro bono counsel on his own nor does he explain why the case is so complex that plaintiff cannot litigate it without counsel.

Finally, plaintiff has not demonstrated that the case has sufficient merit to warrant the appointment of pro bono counsel.  For the reasons stated in the report and recommendation of even date, plaintiff has not even stated a claim on which relief can be granted.  As explained in more detail in the report and recommendation, plaintiff's claim in this action can succeed only if he can show that, as a result of the alleged lack of legal research resources or other legal assistance, he was unable to litigate a nonfrivolous claim concerning either the fact or duration of his confinement or the conditions of his confinement. Plaintiff has yet to satisfy either element.   Until plaintiff at least states a claim, his case lacks sufficient merit to warrant pro bono counsel.[2]

---

[2]In my report and recommendation, I recommend that plaintiff
(continued...)

4

Accordingly, for all the foregoing reasons, plaintiff's application for pro bono counsel is denied without prejudice to renewal.  Any renewed application should be supported by an affidavit or affirmation discussing the factors identified above.  The Clerk of the Court is requested to mark Docket Item 32 as closed.

Dated:   New York, New York
         August 8, 2016

                                   SO ORDERED

                                   _____
                                   HENRY PITMAN
                                   United States Magistrate Judge

Copies transmitted to:

Mr. Joseph Roesch
ID No. 173071
Ward 604
Central New York Psychiatric Center
P.O. Box 300
Marcy, New York   13403

Abigail E. Rosner, Esq.
Assistant Attorney General
State of New York
120 Broadway
New York, New York   10271

---

[2] (...continued)
be granted an opportunity to re-plead his claims.  If plaintiff can re-plead his claims successfully, he can re-apply for the appointment of counsel.

5