USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-31-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JOSEPH ROESCH,

                           Plaintiff,

-v-

ANN MARIE SULLIVAN, VINCENT MICCOLI,
MAURENE BOSCO, and JEFFREY NOWICKI,

                           Defendants.

------------------------------------------------------------X

15 Civ. 247 (PAE) (HBP)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Joseph Roesch, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 seeking injunctive relief and damages arising from defendants' alleged failure to provide him with sufficient legal research resources and/or counsel, which Roesch alleges deprives him of his constitutional right of access to the courts. Defendants filed motions to dismiss on January 29, 2016, Dkt. 23, and March 15, 2016, Dkt. 37. The Court referred the case to Magistrate Judge Henry B. Pitman, and, on August 8, 2016, Judge Pitman issued a Report and Recommendation, recommending that defendants' motions to dismiss be granted and that Roesch be given 45 days to file a second amended complaint. *See* Dkt. 62 (the "Report"). No objections to the Report were received.

      For the reasons that follow, the Court adopts the Report in its entirety. Defendants' motions to dismiss are granted, and Roesch is granted 45 days to file an amended complaint.

I.      Background[1]

Roesch is currently civilly confined at the Central New York Psychiatric Center pursuant to Article 10 of the New York Mental Hygiene Law, having served his sentence for his state-court conviction for five counts of sex offenses.[2] Roesch alleges that defendants' failure to provide him with legal research materials or counsel deprives him of his First Amendment right of access to the Courts. Roesch claims this alleged deprivation has stymied his efforts (1) to litigate his own habeas corpus petition in connection with his Article 10 confinement; (2) to litigate a waiver of a probable cause hearing in connection with his Article 10 confinement; (3) to litigate a New York Article 78 proceeding relating to alleged unspecified errors in his Sex Offender Treatment Program records; (4) to administer his deceased mother's estate; (5) to file unspecified motions relating to his Article 10 proceeding; and (6) to make unspecified claims relating to his 2014 hunger strike while confined at the Manhattan Psychiatric Center, seemingly related to his allegations that his Mental Health Legal Services lawyer, in a display of divided loyalty, instructed him to eat and, consequently, did not represent his rights.

Defendants variously filed motions to dismiss the complaint arguing a lack of subject matter jurisdiction, a lack of personal jurisdiction, insufficient service of process, and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1), (2), (5), and (6), respectively. The

---

[1] The Court's summary of the facts of this case is drawn from the account of the facts provided in the Report and its own review of the case record.

[2] Article 10 of the New York State Mental Hygiene Law codifies New York's Sex Offender Management and Treatment Act, which was enacted in 2007. The law establishes a legal regime authorizing the "'civil management' of certain sex offenders after completion of their prison terms... or other period of state custody. Such civil management is predicated on the danger to society that recidivist sex offenders pose." *Mental Hygiene Legal Serv. v. Cuomo*, 785 F. Supp. 2d 205, 210 (S.D.N.Y. 2011) (citing N.Y. Mental Hyg. Law Art. 10), *vacated on other grounds sub nom.*, *Mental Hygiene Legal Servs. v. Schneiderman*, 472 F. App'x 45 (2d Cir. 2012) (summary order).

Report thoroughly analyzed each of these arguments and recommended granting them. The Report also recommended, *sua sponte*, granting Roesch a final 45 days to file a second amended complaint.

## II.     Discussion

After a magistrate judge has issued a Report and Recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept the portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Acevedo v. Lempke*, No. 10 Civ. 5285 (PAE) (HBP), 2014 WL 4651904, at *3 (S.D.N.Y. Sept. 17, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo*. *See id.*; Fed. R. Civ. P. 72(b)(3); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998).

Roesch has filed no objections to the Report, so the Court reviews it for clear error. Having reviewed the Report, the Court finds no error, let alone clear error. Judge Pitman's Report is detailed and persuasive, and the Court agrees with its assessment that defendants' motions to dismiss should be granted. Further, the Court agrees with Judge Pitman that permitting leave to amend the complaint is justified. Given that the crux of Roesch's allegations is that he is deprived of adequate legal research resources to vindicate his First Amendment right of access to the courts, an alleged deprivation that could affect his instant claim of deprivation itself, he thereby "may not have been aware that he is required to describe the underlying actions in sufficient detail to allow a determination of whether they have at least an arguable basis in law and fact," Report at 35. The Report provides Roesch with detailed notice of that

requirement. With such notice, the Court grants Roesch 45 days to amend his complaint, and adopts the Report in its entirety.

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Pitman's Report and Recommendation in its entirety. Defendants' motions to dismiss are granted, and Roesch is granted until October 15, 2016 to amend his complaint. The Clerk of Court is directed to mail a copy of this Opinion to Roesch, and to terminate the motions pending at Dkts. 23 and 37.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 31, 2016
      New York, New York