USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/20/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOSEPH ROESCH,

                      Plaintiff,

          -v-

ANN MARIE SULLIVAN, VINCENT MICCOLI,
MAURENE BOSCO, and JEFFREY NOWICKI,

                      Defendants.

------------------------------------------------------------------X

15 Civ. 247 (PAE) (HBP)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

        Plaintiff Joseph Roesch, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 seeking injunctive relief and damages arising from defendants' alleged failure to provide him with sufficient legal research resources and/or counsel, which Roesch alleges deprives him of his constitutional right of access to the courts. Defendants filed motions to dismiss on January 29, 2016, Dkt. 23, and March 15, 2016, Dkt. 37. The Court referred the case to Magistrate Judge Henry B. Pitman, and, on August 8, 2016, Judge Pitman issued a Report and Recommendation, recommending that defendants' motions to dismiss be granted and that Roesch be given 45 days to file a second amended complaint. *See* Dkt. 62. No objections to the Report were received. In an August 31, 2016 Opinion, this Court adopted that Report in its entirety, but granted Roesch leave to amend his complaint. Dkt. 65

        On February 2, 2017, Roesch filed a second amended complaint. Dkt. 68 (the "SAC"). On March 23, 2017, defendants Ann Marie Sullivan, Vincent Miccoli, and Maurene Bosco filed

a motion to dismiss, Dkt. 72, which the Court again referred to Judge Pitman, Dkt. 77.[1] On October 13, 2017, Judge Pitman issued another Report & Recommendation (the "Report"), recommending that this Court dismiss Roesch's SAC. This Court granted Roesch a series of extensions to his deadline to submit objections to the Report. *See* Dkts. 95–103. On February 21, 2018, Roesch submitted his Objections. Dkt. 105.

For the reasons that follow, the Court adopts the Report in its entirety.

I.  **Background**[2]

Roesch is currently civilly confined at the Central New York Psychiatric Center pursuant to Article 10 of the New York Mental Hygiene Law, having served his sentence for his state-court conviction for five counts of sex offenses.[3] Roesch alleges that defendants' failure to provide him with legal research materials or counsel deprives him of his First Amendment right of access to the Courts. Roesch claims this alleged deprivation has stymied his efforts (1) to litigate his habeas corpus petition in connection with his Article 10 confinement; (2) to litigate a waiver of a probable cause hearing in connection with his Article 10 confinement; (3) to litigate a New York Article 78 proceeding relating to alleged unspecified errors in his Sex Offender

---

[1] In a separate motion, defendant Jeffrey Nowicki has moved to dismiss the SAC on other grounds. Dkt. 84. The Court has separately referred that motion to Judge Pitman, too. Dkt. 93.

[2] The following factual summary is drawn from the two Reports and the Court's own review of the case record.

[3] Article 10 of the New York State Mental Hygiene Law codifies New York's Sex Offender Management and Treatment Act, which was enacted in 2007. The law establishes a legal regime authorizing the "'civil management' of certain sex offenders after completion of their prison terms . . . or other period of state custody. Such civil management is predicated on the danger to society that recidivist sex offenders pose." *Mental Hygiene Legal Serv. v. Cuomo*, 785 F. Supp. 2d 205, 210 (S.D.N.Y. 2011) (citing N.Y. Mental Hyg. Law Art. 10), *vacated on other grounds sub nom.*, *Mental Hygiene Legal Servs. v. Schneiderman*, 472 F. App'x 45 (2d Cir. 2012) (summary order).

2

Treatment Program records; (4) to administer his deceased mother's estate; (5) to file unspecified motions relating to his Article 10 proceeding; and (6) to make unspecified claims relating to his 2014 hunger strike while confined at the Manhattan Psychiatric Center and to his claim that his Mental Health Legal Services lawyer instructed him to eat and thereby inadequately represented his interests.

## II. Discussion

After a magistrate judge has issued a Report and Recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept the portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Acevedo v. Lempke*, No. 10 Civ. 5285 (PAE) (HBP), 2014 WL 4651904, at *3 (S.D.N.Y. Sept. 17, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo*. *See id.*; Fed. R. Civ. P. 72(b)(3); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). But when the objections simply reiterate previous arguments or make only conclusory statements, the court reviews the report and recommendation for clear error. *Dickerson v. Conway*, No. 08 Civ. 8024 (PAE) (FM), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *see Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (collecting cases). This is so even in the case of a *pro se* petitioner. *Cf. Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

Roesch's Objections do not raise specific objections. Rather, he reiterates his claim that he has been denied access to the courts. Accordingly, the Court reviews the Report for clear error only. Under any standard of review, however, the Court would adopt the thorough,

3

comprehensive, and persuasive Report. Below, the Court briefly summarizes the Report's recommendations and the Court's adoption of each.

First, the Report recommends dismissal of Roesch's Section 1983 claims for damages against the individual defendants, in their official capacity, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Report at 16–19. Roesch does not object to that recommendation and the Court, finding no error, adopts it.

Next, the Report recommends dismissal of the complaint against Ann Marie Sullivan, the Director of the Office of Mental Health, on the same grounds as the previous report: that, even assuming that a supervisor may be held liable on a Section 1983 claim on the basis of her inaction following receipt of a complaint of a constitutional violation, the Complaint—and now, the Amended Complaint—does not allege any facts demonstrating Sullivan's liability. Report at 23–24; *see* August 8, 2016 Report, Dkt. 62. For much the same reasons, the Report recommends dismissal of Roesch's claims against Vincent Miccoli, Director of the Manhattan Psychiatric Center.[4] Roesch has not objected to that recommendation and the Court, finding no error, adopts it. The Report also recommends dismissal of Roesch's conclusory claim that Sullivan has created a policy denying Roesch access to the courts. Report at 24. Roesch has not objected to that recommendation, which the Court also adopts.

---

[4] The Report also rightly notes that the one letter of which Miccoli had actual knowledge, Roesch's December 8, 2014 letter, addressed only Roesch's interest in litigating in surrogate's court his mother's estate. That claim does not regard a constitutional right. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996) ("*Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."). Accordingly, Miccoli's failure to act on that request is, as the Report concludes, an insufficient basis for a Section 1983 claim. Report at 27.

Finally, the Report recommends dismissal of Roesch's claims against Maureen Bosco. *See* Report at 30. Roesch's claim against Bosco stems from a letter he alleges she ignored while she was Executive Director of the Central New York Psychiatric Center. But as the Report explains, Roesch was not confined at the Central New York Psychiatric Center at the time he wrote to Bosco. *See id.* Rather, he was confined at the Manhattan Psychiatric Center. *Id.* Thus, the alleged insufficiency of the legal resources at the Central New York Psychiatric Center had no bearing on Roesch's ability to pursue his various legal claims because he was confined elsewhere. As the Report concludes, Bosco's failure to respond to Roesch's complaint therefore did not affect Roesch's access to the courts. Roesch does not object to this conclusion and the Court adopts it.

The Court also adopts the Report's recommendation that Roesch be denied leave to replead. As the Report correctly concludes—and Roesch again does not object to this conclusion—Roesch is "unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal." Report at 32 (quoting *Hayden v. Cnty of Nassau*, 180 F. 3d 42, 53-54 (2d Cir. 1999).

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Pitman's Report and Recommendation in its entirety. The Court dismisses Roesch's claims with prejudice, except for those claims dismissed pursuant to Rule 12(b)(1), which are necessarily dismissed without prejudice. The Clerk of Court is respectfully directed to close the motion pending at Dkt. 72.

5

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: March 20, 2018
      New York, New York