USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/15/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JOSEPH ROESCH,

                Plaintiff,

-v-

ANN MARIE SULLIVAN, VINCENT MICCOLI,
MAURENE BOSCO, and JEFFREY NOWICKI,

                Defendants.

------------------------------------------------------------X

15 Civ. 247 (PAE) (HBP)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

    Plaintiff Joseph Roesch, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 seeking injunctive relief and damages arising from defendants' alleged failure to provide him with sufficient legal research resources and/or counsel, which Roesch alleges deprives him of his constitutional right of access to the courts. Defendants filed motions to dismiss on January 29, 2016, Dkt. 23, and March 15, 2016, Dkt. 37. The Court referred the case to Magistrate Judge Henry B. Pitman, and, on August 8, 2016, Judge Pitman issued a Report and Recommendation, recommending that defendants' motions to dismiss be granted and that Roesch be given 45 days to file a second amended complaint. *See* Dkt. 62. No objections to the Report were received. In an August 31, 2016 Opinion, this Court adopted that Report in its entirety, but granted Roesch leave to amend his complaint. Dkt. 65.

    On February 2, 2017, Roesch filed a second amended complaint. Dkt. 68 (the "SAC"). On March 23, 2017, defendants Ann Marie Sullivan, Vincent Miccoli, and Maurene Bosco filed a motion to dismiss, Dkt. 72, which the Court again referred to Judge Pitman, Dkt. 77. On October 13, 2017, Judge Pitman issued another Report & Recommendation, recommending that

this Court dismiss Roesch's SAC as to Sullivan, Miccoli, and Bosco. The Court adopted that Report in its entirety and granted defendants' motion to dismiss. Dkt. 106.

On September 25, 2017, in a separate motion, defendant Jeffrey Nowicki, the director of the Central New York Psychiatric Center, a facility at which Roesch has been civilly confined, also moved to dismiss the SAC. Dkt. 84. The Court separately referred that motion to Judge Pitman, too. Dkt. 93.

On June 1, 2018, Judge Pitman issued a thoughtful and detailed Report & Recommendation (the "Report"), recommending that Nowicki's motion to dismiss be granted. Dkt. 110. On June 17, 2018, a month after the deadline had passed, Roesch submitted a Response to the Report. Dkt. 111 ("Response").

As explained below, the Court adopts the Report and dismisses this case.

I. Background[1]

As recounted in the Court's previous decision, Roesch is currently civilly confined at the Central New York Psychiatric Center pursuant to Article 10 of the New York Mental Hygiene Law, having served his sentence for his state-court conviction for five counts of sex offenses.[2] Roesch alleges that defendants' failure to provide him with legal research materials or counsel deprives him of his First Amendment right of access to the Courts. Roesch claims this alleged

---

[1] The following factual summary is drawn from the three Reports and the Court's own review of the case record.

[2] Article 10 of the New York State Mental Hygiene Law codifies New York's Sex Offender Management and Treatment Act, which was enacted in 2007. The law establishes a legal regime authorizing the "'civil management' of certain sex offenders after completion of their prison terms . . . or other period of state custody. Such civil management is predicated on the danger to society that recidivist sex offenders pose." *Mental Hygiene Legal Serv. v. Cuomo*, 785 F. Supp. 2d 205, 210 (S.D.N.Y. 2011) (citing N.Y. Mental Hyg. Law Art. 10), *vacated on other grounds sub nom.*, *Mental Hygiene Legal Servs. v. Schneiderman*, 472 F. App'x 45 (2d Cir. 2012) (summary order).

deprivation has stymied his efforts (1) to litigate his habeas corpus petition in connection with his Article 10 confinement; (2) to litigate a waiver of a probable cause hearing in connection with his Article 10 confinement; (3) to litigate a New York Article 78 proceeding relating to alleged unspecified errors in his Sex Offender Treatment Program records; (4) to administer his deceased mother's estate; (5) to file unspecified motions relating to his Article 10 proceeding; and (6) to make unspecified claims relating to his 2014 hunger strike while confined at the Manhattan Psychiatric Center and to his claim that his Mental Health Legal Services lawyer instructed him to eat and thereby inadequately represented his interests.

## II. Discussion

After a magistrate judge has issued a Report and Recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept the portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Acevedo v. Lempke*, No. 10 Civ. 5285 (PAE) (HBP), 2014 WL 4651904, at *3 (S.D.N.Y. Sept. 17, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo*. *See id.*; Fed. R. Civ. P. 72(b)(3); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). But when the objections simply reiterate previous arguments or make only conclusory statements, the court reviews the report and recommendation for clear error. *Dickerson v. Conway*, No. 08 Civ. 8024 (PAE) (FM), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *see Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (collecting cases). This is so even in the case of a *pro se* petitioner. *Cf. Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

Roesch's Response does not raise specific objections. Accordingly, the Court reviews the Report for clear error only. Under any standard of review, however, the Court would adopt the thorough, comprehensive, and persuasive Report.

The Court notes, however, one point of hesitation. The Report recommends dismissal of Roesch's complaint as to Nowicki for lack of personal jurisdiction, due to Roesch's failure to serve Nowicki in any manner authorized by law. Report at 17–22. As the Report notes, Roesch served Nowicki only via first class mail. *See id.* Roesch does not object to that recommendation. The Court, however, has some concern that demanding technically perfect service by civilly committed, *pro se* litigants may impose too stringent a requirement.

Particularly where, as here, the claims of the *pro se*, civilly committed litigant, arise out of his inability to access the legal system, the Court has concern that demanding technical compliance with the requirements for service could disserve the interests of justice. Here, it appears that, although Roesch had the benefit of the U.S. Marshals Service in effecting service on the other defendants in this case, he was required to serve Nowicki on his own. *Compare* Dkt. 10 (order directing Clerk of Court to send Roesch a U.S. Marshals Service Process Receipt and Return Form for service on defendants Bosco, Miccoli, and Sullivan); Dkts. 15–17 (proof of service by U.S. Marshals on those defendants) *with* Dkt. 28 (order directing Clerk of Court to issue Summons as to Nowicki and send Service Package to Roesch and directing Roesch to serve Nowicki). Further, as the Report notes, there is no dispute that Nowicki had actual notice of the claims against him. *See id.* at 21. The Court, however, need not resolve whether dismissal based on errant service is required, because there is an independent basis for dismissal: The Court fully adopts the Report's recommendation to dismiss Roesch's complaint against Nowicki on the merits for failure to state a claim.

4

Specifically, the Report recommends dismissal of Roesch's claim as to Nowicki for failure to state a claim because the complaint contains no allegations against Nowicki. Report at 22–23. That is, of course, fatal to the complaint's claims as to Nowicki. The Report, "[c]onstruing the complaint liberally," also read the complaint to assert a claim against Nowicki on a *respondeat superior* theory, as one of the directors of the Central New York Psychiatric Center. *Id.* at 23. But as the Report rightly notes, Section 1983 does not allow for *respondeat superior* liability—a defendant's personal involvement must be established. *Id.* at 23–24; *see Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003). Roesch has not objected to that recommendation, which the Court also adopts.

The Court also adopts the Report's recommendation that Roesch be denied leave to replead. As the Report correctly concludes—and Roesch again does not object to this conclusion—Roesch is "unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal." Report at 28 (quoting *Hayden v. Cnty of Nassau*, 180 F. 3d 42, 53-54 (2d Cir. 1999).

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Pitman's Report and Recommendation. The Court dismisses Roesch's claims with prejudice. The Clerk of Court is respectfully directed to close the motion pending at Dkt. 84 and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 15, 2018
New York, New York

5